UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GLOBAL MONTELLO GROUP CORP.,

                Plaintiff,

           -v-

NOR-BRONX RIVER, INC.,

                Defendant.
------------------------------------------------------------------X

25-CV-06186 (JAV)

OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

On July 28, 2025, Defendant filed a Notice of Removal of an action from the Civil Court of the City of New York, County of Bronx ("Bronx County Civil Court") to this Court. ECF No. 1 ("Not. of Removal") at 1-3. On September 29, 2025, Plaintiff filed a motion to remand the action to the Bronx County Civil Court, Landlord-Tenant Division. ECF No. 16. Plaintiff also makes an application for the costs and expenses incurred for the filing of this motion, including reasonable attorney fees. *Id.* Plaintiff's motion to remand this matter to state court is GRANTED. Plaintiff's application for costs is DENIED.

## BACKGROUND

Plaintiff owns a leasehold interest in the commercial real property located at 1810 Cross Bronx Expressway, Bronx, New York 10472 ("the Property"). ECF No. 16-1 ("Galvão Decl."), ¶¶ 4-5. Defendant is the commercial tenant of the Property. *Id.*, ¶ 6. Defendant represents that its principal place of business is located at the

Property.  Not. of Removal at 1.  Defendant failed to make rental payments and additional payments when due under the rental agreement concerning the Property.  Galvão Decl., ¶ 7.

On February 28, 2025, Plaintiff served Defendant a Notice of Termination by delivering the Notice to "JOHN DOE[,] a person of suitable age and discretion" at the Property and mailing the Notice via certified and first-class mail to the Property within one business day thereafter.  ECF No. 1-4 at 11.  The Notice of Termination indicated that the tenancy terminated as of March 31, 2025.  *Id.* at 10.  Plaintiff alleges that Defendant held over in the Property after the March 31, 2025 termination date.  *See id.*, ¶ 7.  Defendant, however, claims that the Property has been vacant since approximately December 15, 2024.  ECF No. 17 ("Opp'n"), ¶ 3.  Defendant also alleges that Plaintiff boarded up the location and encircled it with fencing since at least April 2025.  *Id.*, ¶ 7.  Defendant further alleges that there is no ability to receive mail at the Property.  *Id.*

On July 2, 2025, Plaintiff filed a Petition and Notice of Petition against Defendant in the Bronx County Civil Court, commencing summary eviction proceedings.  ECF No. 1-4 at 7-9; ECF No. 16-4 at 2.  On July 12, 2025, and July 14, 2025, Plaintiff attempted to serve the Notice of Petition and Petition, Notice of Electronic Filing and Good Faith Eviction Notice on Defendant by delivering those papers to Defendant or a suitable person at the Property during business hours, but was unable to find Defendant or a suitable person there.  ECF No. 1-4 at 20.  Accordingly, Plaintiff served Defendant by affixing the papers to the door at the

Property on July 14, 2025, and mailing the papers via certified and first-class mail to the Property within one business day thereafter. *Id.* On July 15, 2025, Plaintiff filed an Affidavit of Service with the Clerk of Court of the Bronx County Civil Court attesting to service on July 12, 2025, and July 14, 2025. *Id.*; ECF No. 16-4 at 2. Plaintiff is unaware of whether Defendant conducts business at a different location, *see* ECF No. 18 ("Reply"), and Defendant has not represented that there is another address where Defendant conducts business, *see* Not. of Removal at 1-3; ECF No. 17 ("Opp'n") at 1-9.

On July 28, 2025, Defendant removed this action to federal court pursuant to 28 U.S.C. § 1441(a). Not. of Removal at 2. Defendant asserts that this Court has subject matter jurisdiction over this dispute because "[t]here is complete diversity of citizenship and the amount in controversy exceeds $75,000." *Id.*, ¶ 5. Defendant alleges that "Nor-Bronx River, Inc[.] is a New York Corporation with a principal place of business at 1810 Cross Bronx Expressway, Bronx, NY, 10472" and that Plaintiff is a "corporation organized and existing under the laws of the State of Delaware with a principal place of business at 800 South[] Street, Suite 500, Waltham, MA 02453." *Id.*, ¶¶ 3-4.

On August 14, 2025, the Court issued an order to show cause why this matter should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 9 ("Order"). In issuing this Order, the Court observed that, while an action may be removed pursuant to Section 1441(a) if the district court has original jurisdiction over the matter, if jurisdiction is predicated on diversity of citizenship, an action

3

"may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)(2)). On August 22, 2025, Defendant filed a letter arguing that remand was inappropriate because Defendant had not been properly served at the time the matter was removed. ECF No. 12. The Court ordered full briefing on the issue. ECF No. 15.

On September 29, 2025, Plaintiff filed the instant motion, seeking to remand the action to the Bronx County Civil Court, Landlord-Tenant Division under the forum defendant rule. ECF No. 16-5 ("Pl. Br.") at 5. Defendant opposes the motion to remand, arguing that the forum defendant rule does not apply because Defendant was not properly joined and served at the time the Notice of Removal was filed. Opp'n at 3-5.

## **LEGAL STANDARD**

"An action filed in state court may be properly removed by a defendant to federal court in 'any civil action . . . of which the district courts of the United States have original jurisdiction.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)). "Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) (citation omitted). "But where, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the forum defendant rule applies." *Id.* (cleaned up). "Under that rule, . . . a suit that is otherwise

4

removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)(2)). Yet by its express terms "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id.* at 705.

On a motion to remand, the removing party bears the burden of demonstrating the proprietary of removal. *See Fouad v. Milton Hershey Sch. & Sch. Trust*, 523 F. Supp. 3d 648, 652 (S.D.N.Y. 2021).

## DISCUSSION

The issue presented by this motion is whether the forum defendant rule precluded the removal of this summary holdover proceeding to federal court, which turns on the question of service. If Defendant had been properly served in accordance with state law at the time the Notice of Removal was filed, then the forum defendant rule would bar removal. Conversely, if service was inadequate under state law, then Section 1441(b)(2) is inapplicable.

The Court finds that Defendant was properly joined and served at the time the Notice of Removal was filed. "The sufficiency of service of process prior to removal is determined under the law of the state from whence the case was removed." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 384 (S.D.N.Y. 2006) (quotation marks and citation omitted). Under New York law, service of process

5

upon domestic corporations is typically governed by New York Civil Practice Law and Rules Section 311 or may be made pursuant to Business Corporation Law Section 306. *See Agapov v. UBIF Franchising Co.*, No. 23-CV-02178 (PMH), 2024 WL 1018453, at *3 (S.D.N.Y. Mar. 8, 2024) (citations omitted). In summary eviction proceedings, however, service of process is governed by New York Real Property Actions & Proceedings Law Section 735. *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971).

Section 735 has three requirements for proper service of process. First, the notice of petition and petition must be served either through (1) "personal[] deliver[y] . . . to the [defendant]," (2) personal delivery to "a person of suitable age and discretion who resides or is employed at the property sought to be recovered," or (3) "if admittance cannot be obtained and such person found, by affixing a copy . . . under the entrance door of such premises." N.Y. Real Prop. Acts. & Proc. Law § 735(1) (McKinney 2025). Second, for service on corporations, "within one day after such delivering . . . or such affixing," the notice of petition and petition shall be "mail[ed] to the [defendant] both by registered or certified mail and by regular first class mail . . . at the property sought to be recovered" if the property is the "principal place of business of such corporation." *Id.* § 735(1). Third, to complete service, "[t]he notice of petition . . . and petition together with proof of service thereof shall be filed with the court of clerk thereof within three days after . . . personal delivery to [defendant] . . . or . . . mailing to [defendant]." *Id.* § 735(2).

Here, Plaintiff satisfied each requirement of Section 735. First, Plaintiff twice attempted to personally deliver the Notice of Petition and Petition to Defendant during business hours and, after failing to find Defendant or a person of suitable age and discretion employed at the Property, affixed the Notice of Petition, Petition, and other papers to the door at the Property on July 14, 2025. ECF No. 1-4 at 20. Second, within one business day thereafter, Plaintiff mailed those papers via certified and first-class mail to Defendant at the address of the Property, *id.*, which is Defendant's principal place of business according to the Notice of Removal that Defendant filed, Not. of Removal at 1. Third, on July 15, 2025, Plaintiff filed an Affidavit of Service with the Clerk of Court of the Bronx County Civil Court attesting to service of the Notice of Petition and Petition, *id.*; ECF No. 16-4 at 2, and Plaintiff had already filed the Notice of Petition and Petition with that Court as of July 2, 2025, ECF No. 16-4 at 2. Accordingly, Plaintiff completed service, and properly joined and served Defendant, as of July 15, 2025, nearly two weeks before Defendant filed its Notice of Removal.

Defendant, however, claims that Plaintiff's attempted service was "woefully insufficient" under Section 735 because it did not satisfy the "reasonable application" standard implicit in the statute. Opp'n at 4-5. Since the Property was vacant and fenced in, Defendant argues, Plaintiff's attempts at service were predestined to failure. *Id.* The Court notes that Defendant listed this very location as its principal (and apparently only) place of business in its Notice of Removal. Regardless, Defendant's argument is ultimately unavailing.

7

"The test of the adequacy of notice for due process purposes is whether it is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Velazquez*, 451 F.2d at 205 (cleaned up). "Since the notice must fit the circumstances, it is 'impossible to draw a standard set of specifications as to what is constitutionally adequate notice, to be mechanically applied in every situation.'" *Id.* (quoting *Schroeder v. City of New York*, 371 U.S. 208, 212 (1962)). Here, the "reasonable application" standard implicit in Section 735 "d[oes] not incorporate the statutory mandate of 'due diligence' from CPLR 308(4), but rather create[s] a less stringent requirement." *Friedman v. Dorfman*, 2003 N.Y. Slip Op. 51059(U), 2003 WL 21512533, at *1 (N.Y. Just. Ct. June 16, 2003). Indeed, "'a lower grade of effort' is contemplated in exacting 'reasonable application'" because "[t]he primary purpose of summary proceedings is to enable the landlord to regain possession quickly and inexpensively." *Parkchester Apartments Co. v. Hawkins*, 111 Misc. 2d 896, 897 (1st Dep't 1981). When resorting to conspicuous place service, however, if that attempt is predestined to failure—such that the attempt is unlikely to succeed and is therefore equivalent to no attempt at all—then that attempt does not satisfy the reasonable application standard. *91 Fifth Ave. Corp. v. Brookhill Prop. Holdings LLC*, 51 Misc. 3d 811, 814 (N.Y. Civ. Ct. N.Y. County 2016) (holding the reasonable application standard was not met when petitioner resorted to conspicuous place service at the subject property when petitioner knew that respondent had not yet

moved into the property and petitioner knew of another location where respondent regularly conducted business).

The facts of this action fall squarely within those previously addressed by New York courts. In analogous situations—where repeated attempts of personal delivery at an apparently vacant property during business hours proved unsuccessful—New York courts have found that conspicuous place service, such as affixing the requisite papers on a property's door, satisfies the reasonable application standard. *See, e.g.*, *City of New York v. Enzo Biochem, Inc.*, 164 Misc. 2d 918, 919-20 (N.Y. Civ. Ct. N.Y. County 1995) (holding the reasonable application standard was met where petitioner knew the subject property was vacant, attempted personal delivery at that property three times, and resorted to conspicuous place service at that property). New York courts have also found that the reasonable application standard is satisfied where only one attempt at personal delivery at the subject property is made before resorting to conspicuous place service there. *See, e.g.*, *Kulich v. Kulich*, 104 Misc. 2d 454, 457 (N.Y. Civ. Ct. Queens County 1980). Accordingly, the Court finds that Plaintiff's attempts at service in this action satisfy the reasonable application standard under Section 735. This conclusion is further reinforced by the facts that, unlike in *91 Fifth Ave.*, (1) Defendant previously occupied the Property and (2) Defendant does not appear to conduct business at another location where Plaintiff could have attempted service. Consequently, service was proper in this action and the forum defendant rule applies.

The Court now turns to Plaintiff's request for costs, including attorney fees. Courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when the action is remanded. 28 U.S.C. § 1447(c). "The Supreme Court has determined that awards of attorneys' fees under § 1447(c) are subject to an 'objective reasonableness test.'" *Dela Rosa v. 610-620 W. 141 LLC*, No. 08-CV-8080 (PKL), 2009 WL 1809467, at *4 (S.D.N.Y. June 24, 2009). According to that test, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court is not persuaded that Defendant's argument concerning the reasonable application standard is so devoid of any objectively reasonable basis as to merit the award of attorney fees. Accordingly, the Court declines to award attorney fees.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand is GRANTED. Plaintiff's request for costs is DENIED. It is hereby ORDERED that this matter is REMANDED to the Civil Court of the City of New York, County of Bronx. The Clerk of Court is directed to send a copy of this Order to the Civil Court of the City of New York, County of Bronx, terminate all pending motions, and close this action.

SO ORDERED.

Dated: December 22, 2025
New York, New York

JEANNETTE A. VARGAS
United States District Judge